IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DAVID KEITH ADAMS,

    Plaintiff,

V.                                                    CIVIL ACTION NO. 3:06-0382

WARDEN THOMAS L. MCBRIDE
Mt. Olive Correctional Center,

    Defendant.

**O R D E R**

    David Keith Adams has filed a motion asking that his petition for writ of habeas corpus be stayed and held in abeyance pending his exhaustion of state court remedies, or that he be permitted to amend his petition deleting unexhausted claims if his request for "stay and abeyance" is denied.

    The stay of habeas proceedings had been thought to involve an "implication as to the merits," Slayton v. Smith, 404 U.S. 53, 54 (1971), and this fact, as well as considerations of comity, generally dictated dismissal without prejudice for failure to exhaust when "a reasonable possibility exists that the state court may decide to reach the merits of a claim." Meadows v. Legursky, 904 F.2d 903, 910 (4th Cir. 1990). In light of statute of limitation issues arising as a consequence of amendments to 28 U.S.C. § 2254, however, it seems clear that when, as in this case, dismissal would undoubtedly result in petitioner's inability to timely seek federal habeas relief,[1] holding the petition in abeyance in light

---

[1] Duncan v. Walker, 533 U.S. 167, 181 (2001) (§ 2244(b)(2) does not "toll the limitation period during the pendency of" a federal habeas petition.).

of limitation issues neither implicates the Court's view on the merits nor interferes with the State's clear right to consider initial issues raised. Accordingly, finding good cause for petitioner's failure to exhaust and concluding that his unexhausted claims are not "plainly meritless,"[2] petitioner's motion to hold his federal petition in abeyance so that he can exhaust state remedies will be granted, and it is so **ORDERED**. Petitioner is directed to file his habeas petition in the Circuit Court of Wayne County within thirty days from the date of this order. Petitioner shall move for reinstatement of this action to the active docket of the Court within twenty days from the date his state court remedies have been exhausted.

On the basis of the preceding, respondent's motion to dismiss it is denied, without prejudice, and petitioner's petition for an emergency hearing is denied as moot. It is further **ORDERED** that the Clerk place this matter on the inactive docket of the Court pending resolution of the state habeas petition.

The Clerk is directed to transmit a copy of this Order to petitioner and counsel of record.

ENTER: September 30, 2009

_/s/ Maurice S. Taylor, Jr._
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Rhines v. Weber, 544 U.S. 269, 277 (2005).