IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAVID KEITH ADAMS,

                Petitioner,

v.                                      CIVIL  ACTION  NO.  3:06-0382

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

                Respondent.

MEMORANDUM OPINION AND ORDER

      Pending is Petitioner David Keith Adams' Amended Petition for Writ of Habeas Corpus

by a Person in State Custody Under 28 U.S.C. § 2254.  ECF Nos. 1, 34, 34-1.  This action was

referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this

Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. §

636(b)(1)(B).  The Magistrate Judge has submitted Findings of Fact and recommended that the

Court deny Petitioner's application for habeas corpus relief filed under 28 U.S.C. § 2254, and

grant Respondent's Motion for Summary Judgment.  ECF No. 44.  The Court, having reviewed

the pleadings and movant's objections de novo, **ADOPTS** the Magistrates Judge's Findings and

Recommendations and **DENIES** Petitioner's Amended Petition.

I.      **Background**

      On August 23, 1998, Petitioner Adams ("Adams") met a woman, "S.B," at a bar in

Wayne County. The two left the bar together and went to the home of one of Adams'

aquaintances.  When S.B. asked for a ride home, Adams refused to take her there, instead driving her around in his car.  At various points throughout the night Adams forced the victim to perform sex acts, pulled her hair out, threatened to kill her, and forced her into the trunk of his car.  Eventually Adams returned S.B. to her house.  Three weeks later, S.B. went to Adams' house and confronted his wife, who permitted S.B. to look at the trunk of the car.  Later that evening, the State Police arrived and impounded the car, advising Mrs. Adams that S.B. had accused Adams of kidnapping and rape.  In November 1998, Adam was indicted on charges of kidnapping and second-degree sexual assault.  Adam was convicted of these charges in a May 1999 jury trial, then sentenced to ten to twenty-five years imprisonment with mercy on the sexual assault count, to be served first, followed by life imprisonment with mercy on the kidnapping conviction.  The factual history of this matter is given more fully in the Magistrate's Proposed Findings and Recommendations ("PF&R"), ECF No. 44, at 1-6.

Adams filed a Petition for Appeal and Writ of error to the Supreme Court of Appeals of West Virginia in May 2000; the appeal was denied in September 2000.  In October 2000, Adams filed a state petition for habeas corpus in the Circuit Court of Wayne County, pursuant to W. Va. Code § 53-4A-1.  Three hearings on the petition were held, and it was denied by written opinion in December 2004.  ECF No. 8, Ex. 9.  The West Virginia Supreme Court of Appeals refused an appeal of this decision in November 2005.  In May 2006, Adams filed a § 2254 Petition in this district, which Respondent moved to dismiss, arguing that Adams had not exhausted all of his state remedies for some portions of his Petition.  In November 2007, Adams moved for and received a stay of his § 2254 Petition so that he could exhaust his state remedies.  Adams then filed another petition for habeas corpus relief in the Circuit Court of Wayne County, which was denied (ECF No. 41, Ex. 13), as was his subsequent Petition for Appeal to the West Virginia

Supreme Court of Appeals.  On July 1, 2010, the stay in Adams' § 2254 petition was lifted, Adams having exhausted all state remedies.  Adams then filed an Amended Petition under § 2254; Respondent filed a motion for summary judgment, and Adams responded.  On October 31, 2011, Magistrate Judge Cheryl Eifert issued Proposed Findings and Recommendations ("PF&R"), recommending that the Court deny Adams' Petition and grant Respondent's Motion for Summary Judgment.  ECF No. 44.  Adams timely filed Objections to the PF&R (ECF No. 48), so this matter is ripe for resolution.

## II.    Legal Standards

(1) 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal court to review a petition for habeas corpus relief from a state prisoner claiming he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Where such claim was first adjudicated on the merits in a state court proceeding, the reviewing federal court may not grant the writ unless the state court's determination: 1) was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or 2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254 (d)(1) and (2).

Petitioner's Amended Petition alleges that the state court's determinations regarding his claims involved unreasonable applications of clearly established Federal law.[1]   Respondent

---

[1]  State court adjudications on the merits of Petitioner's claims were made at two different junctures in his post-conviction litigation.  Petitioner's first state habeas proceeding resulted in an order dated December 1, 2004, denying

moved for summary judgment on all of Petitioner's claims, and the Magistrate Judge recommended that this Court grant the motion on all claims. Petitioner broadly objected to all findings and recommendations in the PF&R.

(2) Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

---

relief on all claims there presented. ECF No. 8, Ex. 9. Petitioner's second state habeas proceeding resulted in a December 27, 2009 order holding that all claims raised in that proceeding were either waived or had been previously and finally adjudicated. ECF No. 41, Ex. 13. The Supreme Court of Appeals of West Virginia refused appeals of both orders. Therefore, the Court considers the orders dated December 1, 2004, and December 27, 2009, to constitute the final state adjudications on the merits for the purposes of this § 2254 proceeding. *See also* ECF No. 41, Exs. 12-22.

### III. Analysis

Petitioner's allegations can be divided into two groups: (1) ineffective assistance of counsel claims; and (2) other claims.

(1) Ineffective assistance of counsel

Petitioner first claims that habeas corpus relief is appropriate because his trial counsel was ineffective. The Sixth Amendment guarantees that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. If an attorney's performance falls below a certain minimum level of professional competence, it may violate an accused's right to representation. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). The two-part test set forth in *Strickland* is used to determine whether an attorney's performance is deficient to the point of violating a defendant's right to effective assistance. *Id.* at 687. The first prong of *Strickland* requires the petitioner to show that his attorney committed an error that fell below a reasonable standard for professional competence. *Id.* The reasonableness standard is an objective inquiry, which contemplates a wide range of acceptable and professional representation. *Id.* at 689. The second prong of the test requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In all cases, however, "[j]udicial scrutiny of counsel's performance must be highly deferential" and a reviewing court must avoid second-guessing counsel's decisions with the benefit of hindsight. *Id.* at 689.

This standard is deferential, and becomes doubly so when applied in the context of a § 2254 proceeding, where relief from a state court decision may be granted only where the state

court's determination regarding a federal constitutional claim was objectively unreasonable. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In sum, "a state court's determination that [an ineffective assistance of counsel] claim lacks merit precludes federal habeas relief so long as fair minded jurists could disagree on the correctness of that decision." *Strickland*, 466 U.S. at 786-87. Applying this standard, Petitioner's claims for relief must fail.

Petitioner alleges that his trial counsel was constitutionally deficient in eleven different ways.[2] The Magistrate Judge's PF&R closely scrutinized and rejected each claim, and the Court **ADOPTS** the Magistrate's finding that Petitioner does not assert an ineffective assistance of counsel ("*Strickland*") claim cognizable in this § 2254 proceeding. For the reasons below, and as set forth more fully in the PF&R, all of Petitioner's *Strickland* claims fail.

(A) *Trial strategy*

Many of Petitioner's *Strickland* claims can be characterized as complaints about trial counsel's strategic decisions. Such strategic decisions are afforded "enormous deference," and courts are cautioned to avoid second-guessing a trial counsel's assessment of proper litigation strategy. *See United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The claims falling into this category include Petitioner's claims that trial counsel erred in: 1) failing to call a key rebuttal witness; b) introducing prejudicial character evidence; c) allowing Petitioner's wife to testify; d) failing to investigate the credibility of victim testimony; and e) failing to move for suppression of certain evidence.

---

[2] The eleven allegations are that trial counsel was ineffective because: 1) he had a conflict of interest; 2) he did not adequately investigate the case; 3) he failed to call a key rebuttal witness; 4) he failed to adequately meet with and advise Petitioner; 5) he introduced prejudicial evidence during trial; 6) he improperly called Petitioner's wife to testify; 7) he failed to investigate the credibility of the victim's testimony; 8) he failed to represent Petitioner at sentencing; 9) he failed to move for suppression of certain evidence; 10) he failed to move for an instruction under the state abduction statute; and 11) he failed to move for an evaluation of Petitioner's mental health.

These claims do not assert a basis for relief given the deferential standard of *Strickland* and the particular deference afforded strategic decisions at trial. For the reasons set forth more fully in the PF&R, the Court **FINDS** that state court's determination that these allegations are not successful *Strickland* claims is not objectively unreasonable.

(B) *Trial counsel's conflict of interest*

Petitioner was represented at trial by Gregory Smith of the Wayne County Public Defender's office. At Petitioner's preliminary hearing, before his indictment, the State was represented by Ted Morgan. Before Petitioner was indicted and tried, Morgan left his position as an assistant prosecuting attorney, and joined the Wayne County Public Defender's office. Petitioner alleges that although Morgan did not participate in his defense, Morgan's presence in the Defender's office presented a conflict of interest for trial attorney Smith, a conflict that Petitioner was not informed of nor asked to waive. Additionally, he alleges that no screening mechanism was employed to distance Morgan from Petitioner's defense. ECF No. 34, at 13.

The state habeas court considered and rejected these allegations. The lead counsel of the Wayne County Public Defender's Office testified at a state habeas hearing that Morgan was screened from the case and other like cases because it was known that as a former prosecutor he would have a conflict of interest in many cases. *See* ECF No. 41, Ex. 19, at 77; ECF No. 8, Ex. 9, at 4. The state habeas court, applying *Strickland*, determined first that counsel acted reasonably because no improper conflict existed, and second that Petitioner would not have been prejudiced if there were any conflict of interest. ECF No. 8, Ex. 9, at 10-11. Petitioner puts forth

no evidence undermining or contradicting this determination.   Therefore, the state court's determination that Morgan's presence in the Wayne County Public Defender's office did not create a prejudicial conflict of interest for Petitioner's trial counsel is neither an unreasonable determination of the facts nor an unreasonable application of the law.

   C) *Trial Counsel's inadequate investigation of the case, and failure to adequately meet with and advise Petitioner*

   Petitioner asserts that trial counsel failed to adequately investigate his case, and failed to adequately meet with and advise him.

   Investigation.  The state habeas court concluded that Petitioner's trial attorney did seek out witnesses at the places visited in the course of the alleged kidnapping, but turned up no useful information.  ECF No. 8, Ex. 9, at 5.  Additionally, trial counsel retained an investigator who spent nearly 13 hours investigating and interviewing potential witnesses.  *Id.*  Based on these facts, which Petitioner does not challenge, the state court determined that counsel acted within the bounds of professional competence, and that any errors which may have existed did not prejudice the outcome of the case.  *Id.*  This determination is not objectively unreasonable.

   Meetings.  The state habeas court conducted a hearing which included examination of trial counsel by phone.  ECF No. 41, Ex. 21.  At that hearing, trial counsel testified that he met with Petitioner several times, and also conducted a good deal of this representation through phone conversations with Petitioner, who was at that time incarcerated at the Wayne County Jail.  ECF No. 41, Ex. 21, at 36, 41.  Trial counsel also testified that he believed he had consulted with Petitioner sufficiently to prepare for the trial.  *Id*. at 41.  The state habeas court found that trial counsel was effective and rejected the claim of inadequate meeting time.  ECF No. 8, Ex. 9, at 3;

ECF No. 41, Ex. 13, at 11.  Petitioner does not identify specific information which would have been exchanged through additional consultation.  Nor does he indicate any specific misunderstanding which he may have suffered as a result of insufficient consultation.  Last, he makes no showing of prejudice stemming from the alleged lack of consultation.  Therefore, the state habeas court was not unreasonable in rejecting Petitioner's *Strickland* claim on this issue.

(D) *Trial counsel's failure to represent Petitioner at sentencing*

Petitioner asserts that counsel was ineffective because he did "nothing" at Petitioner's sentencing hearing.  The state habeas court determined that trial counsel had been effective at sentencing, and also that the particular allegation of nonparticipation in sentencing was waived. *See* ECF No. 41, Ex. 13, at 18-19.  While a state court determination regarding procedural default is entitled to this Court's deference, the Court further notes that the claim is without merit.  Petitioner was sentenced in two different proceedings.  The first was the sentencing phase of his trial, where the jury was charged with determining whether to recommend mercy in Petitioner's kidnapping sentence.  At that hearing, counsel cross-examined the prosecution's witness, and presented a witness, Petitioner's mother, to testify in support of a recommendation for mercy from the jury.  *See* Hearing Transcript, May 13, 1999, ECF No. 41, Ex. 17.  At the next hearing, held in July 1999, counsel presented motions for a new trial and for acquittal, objected to the judge's decision to impose the sentences for Petitioner's two counts of conviction consecutively, and generally participated in the hearing.  *See* Hearing Transcript, July 16, 1999, ECF No. 41, Ex. 18.  The record reveals that trial counsel was actively engaged during both sentencing proceedings.  For these reasons, and for those given in the PF&R, even if Petitioner

did not waive his claim, the state habeas court's determination that counsel was not ineffective at sentencing was reasonable.

(E) *Trial counsel's failure to move for an instruction on abduction*

Petitioner alleges counsel was ineffective in not moving for an instruction on abduction, which he claims is a lesser included offense of a charge of conviction, kidnapping. Although there may be procedural flaws barring this claim, as noted by the state habeas court (ECF No. 8, Ex. 9, at 13), it also fails on its merits, because abduction is not a lesser included offense of kidnapping. An offense is not a lesser included offense "if it requires the inclusion of an element not required in the greater offense." *State v. Wright*, 490 S.E.2d 636, 640 (W. Va. 1997). West Virginia's abduction statute requires proof that a defendant took a victim away with "intent to marry or defile," an element not present in the West Virginia kidnapping statute. *Compare* W. Va. Code § 61-2-14 (abduction), *with* W. Va. Code §61-2-14a (kidnapping); *see also State v. Hanna*, 378 S.E.2d 640, 647 (W. Va. 1989). Therefore, the state court's determination that counsel was not ineffective in failing to move for an abduction instruction was not objectively unreasonable.

(F) *Trial counsel's failure to move for a mental health evaluation*

Petitioner argues that trial counsel should have moved for a mental competency evaluation because Petitioner had a history of mental health issues during childhood. The state court's determination that this claim was procedurally defaulted is entitled to deference by the reviewing habeas court, and this Court so defers to that ruling. *See* ECF NO 41, Ex. 19, at 16 (the state habeas court determining, through discussion with Petitioner, that Petitioner wished to

withdraw his competency claim); ECF No. 41, Ex. 13, at 24 (state habeas court holding that Petitioner had waived his competency claim). The Court also notes that even if the claim had not been withdrawn, Petitioner puts forth no evidence that he was incompetent at the time of the offense or trial. Without such evidence there is no basis for determining that counsel's failure to move for an evaluation prejudiced Petitioner, an essential showing under the second prong of the *Strickland* analysis. *See Hull v. Kyler*, 190 F.3d 88, 105 (3d Cir. 1999).

(2) Other Claims

Petitioner asserts a number of other grounds for relief. Petitioner alleges: (1) that the introduction of evidence of prior bad acts at trial violated the Federal Rules of Evidence, *see* ECF No. 34-1, at 23; (2) that his poor representation at sentencing, and the length of his sentence, violate the Eighth Amendment; and (3) that the state's failure to order a new trial to allow presentation of "new evidence" discovered during habeas proceedings, the existence of two witnesses, was an "unreasonable application of the facts to the law." *Id*.

Summary judgment is appropriate for the first two of these allegations, as Petitioner has not provided even a "scintilla" of evidence supporting relief. *Anderson*, 477 U.S. at 252. He provides no support for his contention that the allegedly erroneous introduction of evidence at his trial violated his federal constitutional rights. To the contrary, even if he could demonstrate an error in the trial court's evidentiary rulings, misapplication of state law is not grounds for federal habeas relief. *See* 28 U.S.C. § 2254 (authorizing a federal court to entertain a petition for habeas corpus relief from a state prisoner "*only* on the ground that he is in custody in violation of the

11

Constitution or laws or treaties of the United States.") (emphasis added); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Similarly, Petitioner provides no support for his allegation that ineffective representation at sentencing violated his Eighth Amendment right to be free of cruel and unusual punishment. Rather, this type of claim arises under the Sixth Amendment, and as such has already been addressed and rejected. To the extent that Petitioner claims the sentence itself violates the Eighth Amendment because it "shocks the conscience," this argument fails because a claim that a sentence is disproportionate within the meaning of the Eighth Amendment is limited to cases where a defendant is sentenced to life imprisonment without the possibility of parole. *See United States v. Wellman*, 716 F. Supp. 2d 447, 457-58 (S.D.W. Va. 2010).

The remaining alleged error is that two witnesses were discovered during the state habeas proceedings, and the state habeas court's failure to order a new trial to allow presentation of this evidence is an unreasonable application of the facts to the law. ECF No. 34-1, at 23. The new evidence was the testimony of two neighbors who asserted that the victim and Petitioner had an ongoing relationship. The state habeas court applied the appropriate test to determine whether newly-discovered evidence warranted a new trial, and decided it did not, concluding that the proposed testimony was "immaterial, would not likely create an opposite result at a subsequent trial on the merits, and contradicted [Petitioner]'s own trial testimony." ECF No. 8, Ex. 9, at 8. This determination is not an unreasonable application of the facts to the law.

**IV. Conclusion**

Petitioner has asserted numerous grounds for relief under § 2254, but all are unsuccessful. For the reasons given above, and those set forth in the PF&R, Petitioner's Amended Petition for Writ of Habeas Corpus by Person in State Custody (ECF No. 34) is **DENIED**. The Court **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendations and **GRANTS** Respondent's Motion for Summary Judgment. The Court **DISMISSES** this action, with prejudice, from the docket of this Court.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). This standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:       July 12, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE